**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 12-4270**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONALD WADE SMITH, JR.,

Defendant - Appellant.

---

**No. 12-4271**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE KEITH CUNNINGHAM,

Defendant - Appellant.

---

**No. 12-4272**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGELA ALLISON DUTY SMITH,

Defendant - Appellant.

_____

Appeals from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, District Judge. (1:10-cr-00026-JPJ-PMS-1; 1:10-cr-00026-JPJ-PMS-2; 1:10-cr-00026-JPJ-PMS-3)

_____

Submitted: March 29, 2013                    Decided: May 3, 2013

_____

Before GREGORY, DUNCAN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Rhonda Lee Overstreet, OVERSTREET SLOAN, PLLC, Bedford, Virginia; Barry L. Proctor, Abingdon, Virginia; Joseph Wheeler Rasnic, Jonesville, Virginia, for Appellants. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Wade Smith, Jr., Angela Allison Duty Smith, and Terrance Keith Cunningham were convicted of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2006), wire fraud, in violation of 18 U.S.C. § 1343 (2006), money laundering, in violation of 18 U.S.C. § 1957 (2006), and other related offenses, and sentenced to 135, thirty-two, and eighty-four months' imprisonment, respectively. The charges stemmed from their participation in a Ponzi scheme, involving an investment club that offered impossibly high returns, purportedly generated through trades on the foreign exchange market using a complex computer program. In these consolidated appeals, Ronald Smith appeals his sentence, Angela Smith her convictions, and Terrance Cunningham his convictions and sentence.

I.

Ronald Smith challenges his sentence, contending that the district court erred in applying a two-level obstruction enhancement. In determining whether the district court has properly applied the Guidelines, this court reviews its interpretation of the Guidelines de novo and its factual findings for clear error. United States v. Quinn, 359 F.3d 666, 679 (4th Cir. 2004). Guideline section 3C1.1 provides for a two-level increase where the defendant willfully obstructs or attempts to obstruct the investigation or prosecution of the

3

offense of conviction. Section 3C1.1 covers conduct occurring prior to the start of the investigation if such conduct "was purposefully calculated, and likely, to thwart the investigation or prosecution of the instant offense." U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 cmt. n.1 (2010).

We conclude that the district court did not clearly err in applying the obstruction enhancement. Despite his contention to the contrary, ample evidence supports the conclusion that Ronald Smith engaged in conduct that was both purposefully calculated and likely to thwart the investigation. He pled guilty to creating and disseminating to investors fraudulent SEC documents, investors testified at trial that he told them that this SEC investigation prevented the club from making distributions, defense counsel conceded that his conduct "was calculated—there's no question about that—it was calculated for Mr. Smith to try to gain a little bit of time," and only one out of nearly 100 investors reported the club to authorities.

II.

Angela Smith challenges the sufficiency of the evidence supporting her conspiracy, wire fraud, and money laundering convictions. This court reviews de novo the district court's denial of a Rule 29 motion for judgment of acquittal. United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010). This court reviews the sufficiency of the evidence supporting a

4

conviction by determining whether, in the light most favorable to the Government, there is substantial evidence in the record to support the conviction. Id. "Substantial evidence" is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). Reversal on grounds of insufficient evidence is appropriate only in cases where the Government's failure to present substantial evidence is clear. Id.

Angela Smith first challenges her conspiracy conviction. To obtain the conviction, the Government was required to prove: (1) the existence of an agreement between two or more persons (that is, a conspiracy); (2) the defendant's knowledge of the conspiracy; and (3) that the defendant knowingly and voluntarily became involved in the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996). A defendant may be a knowing and voluntary member of a conspiracy without knowing its full scope or taking part in the full range of its activities. Id. Moreover, under the doctrine of willful blindness, knowledge may be established where the defendant deliberately avoided enlightenment. United States v. Campbell, 977 F.2d 854, 857 (4th Cir. 1992).

We conclude that substantial evidence supports the conspiracy conviction. Angela Smith does not contest the

5

existence of a conspiracy, instead she contends that the Government failed to prove her direct knowledge of the conspiracy's existence and her participation. However, the Government sufficiently proved her knowledge or at least willful blindness, through evidence that she was the investment club's treasurer and secretary, that she signed checks misappropriating investor funds, and that she promoted the club to prospective investors.

Angela Smith next challenges her wire fraud and money laundering convictions. To obtain the wire fraud convictions, the Government was required to prove: (1) a scheme to defraud, and (2) use of a wire communication in furtherance of the scheme. United States v. Bollin, 264 F.3d 391, 407 (4th Cir. 2001). To obtain the money laundering convictions, the Government was required to prove that the defendant knowingly engaged in a monetary transaction in property of a value of over $10,000 that was derived from specific unlawful activity. Campbell, 977 F.2d at 859. A conspirator may be convicted of an offense committed by her coconspirator if the offense was committed during the course and in furtherance of the conspiracy. United States v. Chorman, 910 F.2d 102, 110-11 (4th Cir. 1990).

We conclude that substantial evidence supports the wire fraud and money laundering convictions. Angela Smith

contends that the Government did not establish the purpose of each individual underlying transaction through testimony from each individual transferor or transferee. However, even absent such testimony, the Government sufficiently proved each transaction's purpose through alternative evidence, such as bank records, investor files found in the Smith residence, and other witness testimony. This evidence provided adequate support for the jury's determination that the various transactions underlying the wire fraud and money laundering charges were in furtherance of or derived from the fraudulent scheme.

## III.

Cunningham challenges both the sufficiency of the evidence supporting his convictions as well as his sentence. Cunningham first challenges the sufficiency of the evidence supporting his wire fraud, money laundering, and witness tampering convictions. His challenge to his wire fraud and money laundering convictions, which mirrors Angela Smith's, fails for the same reasons. As for his challenge to his witness tampering conviction, it too fails, in light of evidence that Cunningham persuaded one of the investors to email the others, advising: "DO NOT CALL THE CFTC!!!!," "THIS WILL ONLY DELAY THINGS." See 18 U.S.C. § 1512(b) (2006) (a defendant is guilty of witness tampering when he knowingly corruptly persuaded

7

another person with intent to prevent any person from testifying in an official proceeding).

Cunningham also challenges his sentence, alleging that the district court erred in applying loss, victim number, and sophisticated means enhancements. We conclude that the district court did not clearly err in applying these enhancements. As for the sixteen-level loss enhancement, Cunningham does not contest that his offenses resulted in an over $1 million loss, but rather contends that this loss was not reasonably foreseeable to him. As for the four-level victim number enhancement, Cunningham again argues not that this figure is inaccurate but rather that the total number of victims was not reasonably foreseeable. However, the district court properly found that in light of Cunningham's significant involvement in the conspiracy, he either knew or reasonably should have known that the over $1 million loss was a potential result. For the same reason, the scheme's total number of victims was also reasonably foreseeable to him. Finally, we conclude without difficulty that the district court acted well within its discretion in determining that the sophisticated means enhancement was applicable. USSG § 2B1.1 cmt. n.8 (defining sophisticated means as especially complex or intricate offense conduct); United States v. Weiss, 630 F.3d 1263, 1279 (10th Cir.

2010) (an offense involves sophisticated means where the total scheme was undoubtedly sophisticated).

Accordingly, we affirm Ronald Smith's sentence, Angela Smith's convictions, and Terrance Cunningham's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED